Stanley I. Greenberg (SBN 053649)
A Law Corporation
11845 West Olympic Boulevard, Suite 1000
Los Angeles, CA 90064
Telephone: (424) 248-6600
Facsimile: (424) 248-6601
Email: stanmanlaw@aol.com

Attorney for Defendant:
CHERIE BROWN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>vs.<br>CHERIE BROWN,<br>　　Defendant. | Case No. CR 14-282-R<br><br>**REPLY OF DEFENDANT BROWN TO GOVERNMENT'S TRIAL MEMORANDUM**<br><br>TRIAL DATE: OCTOBER 14, 2014<br>TIME: 9:00 A.M. |

Defendant Cherie Brown responds to two points in the Government's Trial Memorandum:

**1. Notice of Errata re Reciprocal Discovery:** At page 35 of the Government Trial Memorandum, it states: "As of the filing of this brief the government has not received reciprocal discovery . . . ." This is incorrect. On October 6, 2014, the day before the government brief was filed, counsel for Ms. Brown provided Government counsel (and

1

all defense counsel) with exhibits notebooks containing in excess of 50 anticipated trial exhibits. We presume this error was inadvertent.

**2. Definition of "Willfully:"** At pages 17-18 of the Government Trial Memorandum, the definition of the words "willful" and "willfully" are defined. However, they are defined incorrectly and contrary to law.

Defendant Brown has briefed this for the Court in her Reply to the Government's Opposition to Defendant Brown's Proposed Jury Instructions. See Document 99. "Willfully" requires the defendant know her conduct was against the law. The Government seems oblivious to the recent development in the law that makes the Government's definition not only wrong, but reversible error.

In *U.S. v. Kelechi Ajoku*, 718 F.3d 882 (9th Cir. 2013), the Government conceded error in its Opposition brief to *Ajoku's* petititon for certiorari, acknowledging that in order to establish a "willful" violation, the government must prove that the defendant acted with knowledge that his conduct was unlawful. The case was remanded and the 9th Circuit reversed the conviction because the trial court gave the same definition that the government is now urging this court to give. (We attached a copy of that decision to Document 99). See *U.S. v. Ajoku*, No 11-50230 (District Court No. 2:08-cr-01094-WDK-5). Dated: October 8, 2014    Respectfully submitted,

/s/
Stanley I. Greenberg
Attorney for Defendant
CHERIE BROWN