STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
BYRON J. MCLAIN (Cal. Bar. No. 257191)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2041
     Facsimile: (213) 894-6269
     E-mail:    ellynlindsay@usdoj.gov
                Byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-282-R |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT CHERIE BROWN'S REPLY TO GOVERNMENT OPPOSITION TO DEFENDANT BROWN'S PROPOSED JURY INSTRUCTIONS |
| v. | |
| CHERIE BROWN, | TRIAL DATE: 10/14/14 HEARING TIME: 9:00am HEARING LOCATION: Courtroom of the Honorable Manuel Real |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ellyn Marcus Lindsay and Byron J. McLain, hereby responds to defendant Cherie Brown's Reply to Government Opposition to Defendant Brown's Proposed Jury Instructions.  This Opposition is based on the attached memorandum of points and authorities, the files and records in this case, and such other evidence and argument as may be provided to the Court at the

1  hearing on this matter.

2  Dated: October 9, 2014                Respectfully submitted,

3                                        STEPHANIE YONEKURA
                                         Acting United States Attorney
4
                                         ROBERT E. DUGDALE
5                                        Assistant United States Attorney
                                         Chief, Criminal Division
6

7                                              /s/
                                         ─────────────────────────────
                                         ELLYN MARCUS LINDSAY
8                                        BYRON J. MCLAIN
                                         Assistant United States Attorneys
9                                        Major Frauds Section

10                                       Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Cherie Brown ("defendant") replied to the government's opposition to her proposed jury instructions. She asserts that the law has changed to require that a securities violation be done with the knowledge that one's conduct was unlawful. However, she is incorrect in the securities context.

**II.   ARGUMENT**

To repeat the law as stated in the government's original opposition to defendant's proposed jury instructions, the Ninth Circuit, in the case of United States v. Tarallo, 380 F.3d 1174 (9th Cir. 2004), rejected the claim that the term "willfully" for securities violations requires knowledge that one's actions are unlawful:

> Under our jurisprudence, then, "willfully" as it is used in §78ff(a) means intentionally undertaking an act that one knows to be wrongful; "willfully" in this context does not require that the actor know specifically that the conduct was unlawful.

Id. at 1188.

Defendant asserts that Tarallo is no longer good law, citing the case of United States v. Kelechi Ajoku, attached to defendant's pleading. In that case, the government agreed that in the health care benefits arena, willfulness does require knowledge that one's actions are unlawful. However, this case is inapposite to the securities arena, where it is well-established that a conviction does not require knowledge of illegality. Tarallo is still good law. See United States v. Kaiser, 609 F.3d 556, 568-70 (9th Cir. 2010)(citing cases, including Tarallo, in holding that willfulness in the

securities arena does not require proof of knowledge of illegality); United States v. Reyes, 577 F.3d 1069 (9th Cir. 2009).

Defendant also argues that Tarallo and United States v. Reyes, are inapposite because those cases involved violations that were malum in se, that is, where the conduct is inherently illegal, whereas in the instant case, the offense is malum prohibitum, where there is no inherent illegality.  However, defendant is incorrect. In Reyes, the defendant made the same argument, claiming that there was nothing "inevitably nefarious" in the falsification of books and records and thus a higher scienter was required "to prevent ensnaring innocent persons."  Id. at 1080.  The Ninth Circuit relied on Tarallo to reject this claim.  As the Court held, the "knowing" requirement protects those who accidentally commit the offense.  Id.  Like the statutory construction here, that in Reyes requires the violation to be "willful."  "On the basis of the language and structure of the statute, there is no textual reason to hold 'knowingly,' as used in § 78m(b)(5), was intended to modify or connote a higher scienter requirement than 'willfully,' as used in § 78ff(a)."  Id. at 1080.

The Ninth Circuit, as well as other courts, consistently rejects arguments like those made by defendant here in the securities context.  Thus, his proposed jury instruction should not be given.

**III.    CONCLUSION**

Based on the foregoing, the government respectfully requests that the Court decline to give defendant Brown's proposed instructions.

2